UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION and TRACIE LEWELLEN, ) <br> ) <br> Plaintiff-Intervenor, ) <br> ) <br> V. ) <br> ) <br> LOVE'S TRAVEL STOPS & COUNTRY ) <br> STORE, INC. ) <br> Defendant. ) | No. 3:05-CV-00768 <br> JURY DEMAND |

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

Tracie Lewellen, through undersigned counsel, submits this Memorandum in Support of her Motion to Intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. This lawsuit is based upon Ms. Lewellen's charge of sex discrimination filed with the Equal Employment Opportunity Commission ("EEOC").

The action initiated by the EEOC against Defendant, Love's Travel Stops & Country Store, Inc. asserts unlawful employment practices at its Christiana, Tennessee facility including Ms. Lewellen's allegations of sexual harassment, reduction in work hours and constructive discharge in retaliation for opposing sexual harassment.

Rule 24(a) of the Federal Rules of Civil Procedure provides the following rule governing interventions of right:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Ms. Lewellen has a right to intervene in the EEOC's action under either condition of Rule 24(a). First, Title VII of the Civil Rights Act of 1964 specifically provides that an individual victim of unlawful discrimination, as the person aggrieved, has a right to personally intervene in actions brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1). ("The person or persons aggrieved shall have the right to intervene. . . ."); see also EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 456 (6th Cir. 1999) ("the only right Title VII reserves to an aggrieved individual is the right to intervene in the EEOC's action."); EEOC v. Contour Chair Lounge Co., 596 F.2d 809, 816 n.5 (8th Cir. 1979) (noting that affected employees may intervene as a matter of right).

Secondly, as the party actually injured by Defendant Love's unlawful conduct, Ms. Lewellen clearly has an interest relating to the "transaction which is the subject of the action" and the "disposition of the action" will impair or impede her ability to protect her interests unless she is provided an opportunity to intervene. See EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 456 (6th Cir. 1999) ("the EEOC may distinguish between those cases in which it believes it may vindicate the public interest by filing suit itself, and those in which it chooses not to file suit and instead leaves to the individual aggrieved the decision of whether to file suit in order to advance her own interests").

For the foregoing reasons, Tracie Lewellen respectfully requests that her Motion to Intervene be granted and that she be permitted to assert her own causes of action against Defendant Love's, including violations of Title VII and the Tennessee Human Rights Act as set forth in the Complaint attached to her motion filed concurrently herewith.

Respectfully submitted,

    /s   Donna L. Roberts
Donna L. Roberts
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
615.244.0020

Counsel for Plaintiff-Intervenor Tracie Lewellen

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent via U.S. Mail, postage prepaid to:

David P. Knox
Ford & Harrison, LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120

Counsel for Defendant Love's Travel Stops & Country Store, Inc.

Celia S. Liner
Equal Employment Opportunity Commission
1407 Union Avenue, Suite 621
Memphis, TN 38104

Counsel for Plaintiff Equal Employment Opportunity Commission

Executed this <u>17th</u> day of November, 2005.

    /s   Donna L. Roberts
Donna L. Roberts

45288178.1