IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff, | ) | AMENDED COMPLAINT |
| v. | ) | Civil Action No. 3:05-CV-0768 |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.<br>Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000 *et seq.* (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Michelle Medina,Tracie Lewellen, and other female employees who Defendant Employer subjected to sexual harassment by a manager. Defendant Employer also discharged Ms. Medina and reduced Ms. Lewellen's work hours because of their sex, female and in retaliation for opposing the discrimination

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee,

Nashville Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Love's Travel Stops & Country Stores, (Defendant Employer), has continuously been a foreign corporation doing business in the State of Tennessee and the City of Christiana, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michelle Medina and Tracie Lewellen filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 1, 2004, Defendant Employer has engaged in unlawful employment practices at its Christiana, Tennessee facility in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 . The unlawful practices consisted of sexual harassment and reduction in work hours and discharge in retaliation for opposing sexual

harassment.

8. The General Manager of Defendant Employer's Christiana Tennessee facility subjected Ms. Medina to unwelcome sexual comments and touching of a sexual nature during her employment.

9. Ms. Lewellen was also subjected to unwelcome sexual comments and touching of a sexual nature by the General Manager of the Christiana Tennessee location during her employment.

10. Other female employees at the Christiana, Tennessee, location were also subjected to unwelcome and offensive sexual comments and touching of a sexual nature by the General Manager during their employment.

11. Both Ms. Medina and Ms. Lewellen attempted to report the unwelcome conduct. However, they were unsuccessful in reaching the District Manager.

12. In addition, at least one other female employee complained about sexual harassment by her manager to a District Manager of Defendant's.

13. Defendant Employer discharged Ms. Medina because of her sex, female and in retaliation for her opposition to sexual comments and touching.

14. Defendant employer reduced Ms. Lewellen's working hours because of her sex, female and in retaliation for her opposition to sexual comments and touching.

15. Defendant Employer's Sexual Harassment Policy was ineffective because Ms. Medina and Ms. Lewellen were unable to contact the District Manager. In addition, the District Manager received at least one additional sexual harassment complaint from another female employee and summarily dismissed the complaint without investigation.

16. The effect of the practices complained of above has been to deprive Michelle Medina, Tracie Lewellen and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and retaliation.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Medina, Ms. Lewellen and other aggrieved female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice which discriminates against employees because of their sex or in retaliation for opposing unlawful practices.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ms. Medina and Ms. Lewellen who were subjected to sexual harassment and retaliation, by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Michelle Medina, Tracie Lewellen by providing compensation for past and future pecuniary losses resulting from

the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Michelle Medina, Tracie Lewellen and other aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Michelle Medina, Tracie Lewellen and other aggrieved female employees punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

KATHARINE W. KORES
Regional Attorney
TN Bar No. 6283

TERRY BECK
SUPERVISORY TRIAL ATTORNEY
TN Bar No. 9346

CELIA S. LINER
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0075