UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and TRACIE LEWELLEN, | )<br>)<br>) |
| Plaintiff/Plaintiff-Intervenor, | )<br>) |
| V. | ) No. 3:05-CV-00768<br>) JURY DEMAND |
| LOVE'S TRAVEL STOPS & COUNTRY STORE, INC. | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT OF INTERVENOR TRACIE LEWELLEN

Plaintiff-Intervenor Tracie Lewellen ("Ms. Lewellen"), by and through her undersigned attorney, for her cause of action against the Defendant states as follows:

### I. NATURE OF COMPLAINT

1. This action is brought by the Equal Employment Opportunity Commission ("EEOC") against Love's Travel Stops & Country Store, Inc. ("Defendant" or "Love's") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq. ("Title VII") and §1981a to correct unlawful employment practices on the basis of sex.

2. Plaintiff-Intervenor, Tracie Lewellen is a former employee of Defendant and was subjected to such unlawful employment practices of Defendant, including sexual harassment, retaliation and constructive discharge.

### II. JURISDICTION AND VENUE

3. Plaintiff-Intervenor Lewellen brings her cause of action pursuant to Title VII and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a and the Tennessee Human Rights Act, T.C.A. §4-21-101 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as

**EXHIBIT**
Ex 1

a federal question and pursuant to 28 U.S.C. §1343(4) in protection of civil rights. Plaintiff-Intervenor Lewellen has the statutory right to intervene in the instant action pursuant to §706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1). The Court has jurisdiction over Plaintiff-Intervenor Lewellen's pendant state claims pursuant to 28 U.S.C. §1367.

4. Defendant Love's is an employer within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h) and the Tennessee Human Rights Act ("THRA").

5. Plaintiff-Intervenor Lewellen filed her Charge of Discrimination with the EEOC on August 2, 2004.

6. On September 7, 2005, the EEOC issued a Determination as to the merits of Ms. Lewellen's Charge, finding reasonable cause to believe that Defendant violated Title VII by subjecting Ms. Lewellen and other women to sexual harassment and reduced her work hours because of her sex and in retaliation. A true and correct copy of the Determination is attached hereto as Exhibit A.

7. On or about September 22, 2005, Ms. Lewellen received notice that the EEOC's attempt to conciliate with Love's had failed. A true and correct copy of the EEOC's Notice of Conciliation Failure is attached hereto as Exhibit B.

8. Venue is proper in this Court pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. § 1391(b) because Defendant Love's maintains a business office in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff-Intervenor Lewellen's claims occurred in this judicial district.

## III. PARTIES

9. Plaintiff-Intervenor Tracie Lewellen is a resident of the State of Tennessee, residing in Murfreesboro, Rutherford County, Tennessee.

10. Plaintiff Equal Employment Opportunity Commission ("EEOC"), the federal agency charged with the administration, interpretation and enforcement of Title VII, brought the instant action pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1), and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

11. Plaintiff-Intervenor Tracie Lewellen intervened in this action pursuant to § 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and the Tennessee Human Rights Act.

12. Defendant Love's Travel Stops & Country Stores, Inc. ("Defendant" or "Love's") is a foreign corporation with its principal place of business located at 10601 N Pennsylvania, Oklahoma City, OK 73120. Defendant is registered with the State of Tennessee under the same name and conducts business in the State of Tennessee under that name.

## IV. STATEMENT OF RELEVANT FACTS

13. Defendant Love's, at all relevant times, operated Love's Travel Stops & Country Stores, Inc. in Christiana, Rutherford County, Tennessee, and employed Tracie Lewellen as a diesel cashier.

14. Freddie Crutchfield, at all relevant times, was employed by Defendant Love's as General Manager of its Christiana, Tennessee store.

15. Beginning on or before June 28, 2004, and continuing through July 26, 2004, the General Manager of Defendant Love's made inappropriate unwelcome sexual

3

comments to Ms. Lewellen including but not limited to lewd comments about her body, and graphic sexual proposals and advances.

16. Beginning on or before June 28, 2004 and continuing through July 26, 2004, the General Manager of Defendant Love's inappropriately touched Ms. Lewellen including but not limited to rubbing himself against her and grabbing her on more than one occasion.

17. Ms. Lewellen told Mr. Crutchfield to stop the inappropriate comments and touching but the offensive conduct continued.

18. Defendant reduced Ms. Lewellen's work hours because of her sex and in retaliation for rejecting and opposing sexual advances and touching by Defendant's managers.

19. On at least one occasion, a general manager of another Love's store also made lewd comments to Ms. Lewellen about her body.

20. Other female employees were also subjected to unwelcome sexual comments and touching by Mr. Crutchfield and other managers.

21. Ms. Lewellen attempted to report the misconduct but was unsuccessful in reaching the district manager.

22. The unlawful conduct alleged above was unwelcome, deliberate and offensive to Ms. Lewellen and would be found by a reasonable person to be deliberate, unwelcome and offensive.

23. The unlawful conduct alleged above was sufficiently severe or pervasive to create a hostile working environment for the Plaintiff-Intervenor Lewellen which altered the terms or conditions of her employment, and Defendant Love's failed to take adequate corrective or remedial action in response to such unlawful conduct, in violation of Title VII and the THRA.

24. Defendant Love's constructively discharged Ms. Lewellen on or about July 30, 2004 by creating and maintaining an abusive working environment so intolerable that resignation was a fitting response.

25. Defendant Love's did not have a readily accessible and effective policy for reporting and resolving complaints of sexual harassment.

26. As a result of the actions alleged above, Plaintiff-Intervenor Lewellen has suffered and will continue to suffer emotional distress, loss of enjoyment of life, loss of reputation and humiliation.

## COUNT I

## TITLE VII-SEXUAL HARASSMENT AND CONSTRUCTIVE DISCHARGE

27. Plaintiff-Intervenor Lewellen incorporates and re-alleges Paragraphs 1 through 26 of this Complaint as is fully set forth herein.

28. By the unlawful acts alleged above, Defendant Love's has violated Title VII and the THRA.

29. As a direct and proximate result of Defendant Love's unlawful acts, Plaintiff-Intervenor Lewellen has sustained and is reasonably likely to sustain in the future irreparable harm in the form of pecuniary and nonpecuniary losses including but not limited to lost wages and benefits, emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of reputation, medical and counseling expenses, and attorneys' fees and expenses.

30. Defendant Love's acted with malice or with reckless indifference to Plaintiff-Intervenor Lewellen's right not to be discriminated against, thus making appropriate an award of punitive damages to punish Defendant Love's and to deter Defendant Love's and others from like conduct. Such malice or reckless indifference is part of a pattern of conduct engaged in by Defendant Love's on other, similar occasions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff-Intervenor Lewellen prays that this Court enter Judgment pursuant to Title VII and the THRA in her favor and against Defendant Love's and enter an order:

    a. Declaring all acts described herein in violation of Title VII and the THRA;

    b. Enjoining and permanently restraining Defendant Love's from continued violation of Title VII and the THRA;

    c. Directing Defendant Love's to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff-Intervenor Lewellen's employment opportunities;

    d. Requiring Defendant Love's to compensate, reimburse, and make whole Plaintiff-Intervenor Lewellen for full value of all pecuniary and nonpecuniary damages she has sustained in the past, and is reasonably certain to sustain in the future, including, but not limited to, any and all back pay and benefits, front pay, and any medical and counseling expenses, embarrassment, humiliation, loss of enjoyment of life, potential loss of reputation, and all consequent damages;

    e. Awarding Plaintiff-Intervenor Lewellen punitive damages in such sum as is appropriate to punish Defendant and to deter Defendant and others from like conduct in the future;

    f. Awarding Plaintiff-Intervenor Lewellen the costs of this action, prejudgment interest and reasonable attorneys' fees; and

    g. Such further and other relief as the Court deems just and proper.

Respectfully submitted,

/s Donna L. Roberts
Donna L. Roberts
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
615.244.0020

Counsel for Plaintiff-Intervenor Tracie Lewellen

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent via U.S. Mail, postage prepaid to:

David P. Knox
Ford & Harrison, LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120

Counsel for Love's Travel Stops & Country Store, Inc.

Celia S. Liner
Equal Employment Opportunity Commission
1407 Union Avenue, Suite 621
Memphis, TN 38104

Counsel for Plaintiff Equal Employment Opportunity Commission

Executed this 17th day of November, 2005.

/s Donna L. Roberts
Donna L. Roberts

45288180.1